```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :   CONSENT PRELIMINARY
                                 :   ORDER OF FORFEITURE
        - v. -                   :
                                 :   S1 09 Cr. 902 (SHS)
HASSAN NEMAZEE,                  :
                                 :
            Defendant.           :
                                 :
- - - - - - - - - - - - - - - - x

       WHEREAS, on or about March 17, 2010, an information, S1 09 Cr. 902 (SHS) (the "Information"), was filed charging the defendant Hassan Nemazee with three counts of bank fraud in violation of Title 18, United States Code, Section 1344; one count of wire fraud in violation of Title 18, United States Code, Section 1343; and one count of aggravated identity theft in violation of Title 18, United States Code, Section 1028A;

       WHEREAS, the Information contained a forfeiture allegation providing notice that, as a result of the offenses charged in the Information, the defendant shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the alleged bank fraud offenses;

       WHEREAS, on or about March 17, 2010, the defendant pled guilty to the Information pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegation in the Information and agreed to forfeit to the United States:

 a. Approximately $292.241 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the charged bank and wire fraud offenses;

 b. All of the defendant's right, title, and interest in the following properties:

  (1) Any and all right, title, and interest in the real property and appurtenances known as 770 Park Avenue, Units 14 and 15A, New York, New York, including any and all right, title, and interest in shares in 772 Park Avenue Corporation and any proprietary lease;

  (2) Any and all right, title, and interest in the real property and appurtenances known as 99 Warren Street, Unit 5H, New York, New York, Block 142, Lot 1514;

  (3) Any and all right, title, and interest in the real property and appurtenances known as 101 Warren Street, Unit 1540, New York, New York, Block 142, Lot 1624;

 (4) Any and all right, title, and interest in real property and appurtenances known as 128-136 Mount Holly Pond, Katonah, New York, more specifically known as Section 39.18, Block 1, Lots 13, 14, and 15 on the Tax Map of the Town of Bedford;

 (5) Any and all right, title, and interest in real property and appurtenances known as 86 Salem Road, Katonah, New York, more specifically known as Section 39.18, Block 1, Lot 11 on the Tax Map of the Town of Bedford;

 (6) Any and all right, title, and interest in the real property and appurtenances known as 22 Via Della Scrofa, Rome, Italy; and

 (7) Any and all right, title, and interest in approximately 100 acres of real property and appurtenances located in Puglia, Italy, held in the name of Hassan Nemazee and/or Sheila Nemazee, and known generally as "Masseria i Fani di Salve."

 c. All of the defendant's right, title, and interest in the following entities, and/or their affiliates, subsidiaries, or joint ventures:

(1) Nemazee Capital Corp., a New York domestic business corporation;

(2) NCC Ltd., a British Virgin Islands business company;

(3) Hudson River Investments, LLC, a Delaware limited liability company;

(4) Houston Venture Inc., a Texas corporation;

(5) Romulus Group Holdings Ltd., a British Virgin Islands business company;

(6) Telnem Holdings, LLC, a New York limited liability company;

(7) KHN Associated, LLC, a New York limited liability company;

(8) BMC Capital Group, LLC, a Delaware limited liability company;

(9) BMC Capital Luxembourg S.à r.l., a Luxembourg limited liability company;

(10) Carret Investments Holdings, LLC, a Delaware limited liability company;

(11) Carret Global India Fund LLC, a Delaware limited liability company;

(12) Carret China Opportunity Investments Company I Ltd., a British Virgin Islands business company;

(13) Citigroup Capital Partners II Onshore L.P., a Delaware limited partnership;

(14) Contra V.C., LLC;

(15) Jayhawk Private Equity Fund, L.P., a Delaware limited partnership;

(16) Quadrangle Capital Partners LP, a Delaware limited partnership;

(17) Quadrangle (Access) Capital Partners LP, a Delaware limited partnership;

(18) Quadrangle (Offshore) Capital Partners LP, a Caymans limited partnership;

(19) Sierra Europe LP;

(20) Tailwind V.C., LLC;

(21) TLT Atlantic Capital LP;

(22) Vanterra Advantage Investments, LP, a Delaware limited partnership;

(23) 57th Street Partners, a British Virgin Islands company;

(24) ARC Wireless Solutions, Inc., a Utah corporation;

(25) China Valves Technology, Inc., a Nevada corporation;

(26) Empire One Telecom, Inc., a Delaware corporation;

(27) Encorium Group, Inc., a Delaware corporation;

(28) Evansville Ltd., a British Virgin Islands company;

(29) Forterra Holdings Ltd., a British Virgin Islands business company;

(30) Forterra Guarantee Ltd., a Bermuda company;

(31) GNPR Investments LLC, a Delaware limited liability company;

(32) Genius Products, Inc., a Delaware corporation;

(33) Genius Products, LLC, a New York limited liability company;

(34) HKN, Inc., a Delaware corporation;

(35) Kingsway Financial Group, Ltd.;

(36) NuStar Energy, LP;

(37) Proxim Wireless Corporation, a Delaware corporation;

(38) Sahel Holdings Ltd., a British Virgin Islands business company;

(39) UniPureEnergy Acquisition Co., LLC, a Delaware limited liability company;

(40) World Capital Partners; and

(41) YP Holdings Ltd., a British Virgin Islands business company.

        d.    All of the defendant's right, title, and interest in the following accounts:

    (1)    Any and all funds and other property on deposit in account number 165-28077960 held at Brean, Murray, Carret & Co. LLC in the name of Hassan Nemazee;

    (2)    Any and all funds and other property on deposit in account number 165-31532960 held at Brean, Murray, Carret & Co. LLC in the name of NCC Ltd.;

    (3)    Any and all funds and other property on deposit in account number P90-007684 held at Banc of America Investment Services in the name of Hassan Nemazee;

    (4)    Any and all funds and other property on deposit in account number P90-03042 held at Banc of America Investment Services in the name of Hassan Nemazee;

    (5)    Any and all funds and other property on deposit in account number P90-004898 held at Banc of America Investment Services in the name of Hassan Nemazee;

    (6)    Any and all funds and other property on deposit in account number P90-004901 held at

Banc of America Investment Services in the name of Hassan Nemazee;

(7) Any and all funds and other property on deposit in account number P90-005762 held at Banc of America Investment Services in the name of Hassan Nemazee;

(8) Any and all funds and other property on deposit in account number P90-003336 held at Banc of America Investment Services in the name of Hassan Nemazee;

(9) Any and all funds and other property on deposit in account number P90-005533 held at Banc of America Investment Services in the name of Telnem Holdings, LLC;

(10) Any and funds and other property on deposit in account number P90-005525 held at Banc of America Investment Services in the name of Nemazee Capital Corp.;

(11) Any and all funds and other property on deposit in account number P90-005606 held at Banc of America Investment Services in the name of Sheila Nemazee;

(12) Any and all funds and other property on deposit in account number P90-005711 held at

Banc of America Investment Services in the name of Sheila Nemazee;

(13) Any and all funds and other property on deposit in account number P90-005517 held at Banc of America Investment Services in the name of Yasmine Nemazee;

(14) Any and all funds and other property on deposit in account number P90-005452 held at Banc of America Investment Services in the name of Layla Nemazee;

(15) Any and all funds or other property on deposit in account number 118-11951 at Bank of America Securities in the name of Hassan Nemazee;

(16) Any and all funds or other property on deposit in account number 12339-32118 at Bank of America Securities in the name of Hudson River Investment, Inc.;

(17) Any and all funds or other property on deposit in account number 313-11985-1-1-045 at Bank of America Securities in the name of Hudson River Investment, Inc.;

(18) Any and all funds or other property on deposit in account number 510-07709-1-5 at

    Bank of America Securities in the name of Sheila Nemazee;

(19) Any and all funds or other property on deposit in account number 857-07D29 at Merrill Lynch in the name of Hassan Nemazee;

(20) Any and all funds in account number 0095-1162-0067 held at Bank of America, N.A., in the name of Hassan Nemazee;

(21) Any and all funds in account number 6550305831 at Bank of America, N.A., in the name of Hassan Nemazee;

(22) Any and all funds in account number 0095-1162-4182 held at Bank of America, N.A., in the name of Hassan Nemazee;

(23) Any and all funds in account number 0047-8496-1937 held at Bank of America, N.A., in the name of Hassan & Sheila Nemazee;

(24) Any and all funds in account number 0073-7477-9492 held at Bank of America, N.A., in the name of Hassan & Sheila Nemazee;

(25) Any and all funds in account number 0073-7477-9492 held at Bank of America, N.A., in the name of Hassan & Sheila Nemazee;

(26) Any and all funds in account number 6550305381 at Bank of America, N.A., in the name of Hassan Nemazee;

(27) Any and all funds and other property in account number P90-005525 held at Bank of America, N.A., in the name of Sheila Nemazee;

(28) Any and all funds in account number 967586615 held at JP Morgan Chase Bank in the name of Hassan Nemazee or Sheila Nemazee;

(29) Any and all funds in account number 9253186 at JP Morgan Chase Bank in the name of Hassan Nemazee;

(30) Any and all funds in account number 739167510 at JP Morgan Chase Bank in the name of Hassan Nemazee Irrevocable Trust 2003;

(31) Any and all funds in account number 967504759 at JP Morgan Chase Bank in the name of Hassan Nemazee or Yasmine Nemazee;

(32) Any and all funds in account number 967586623 at JP Morgan Chase Bank in the name of Hassan Nemazee or Sheila Nemazee;

(33) Any and all funds in account number 967270197 at JP Morgan Chase Bank in the name of Nemazee Capital Corp.;

(34) Any and all funds in account number 739221337 at JP Morgan Chase Bank in the name of Hassan Nemazee, Custodian for Yasmine Nemazee;

(35) Any and all funds in account number 739169491 at JP Morgan Chase Bank in the name of Telnem Holdings LLC;

(36) Any and all funds in account number 739169505 at JP Morgan Chase Bank in the name of Telnem Holdings LLC;

(37) Any and al funds in account number 739-177125 at JP Morgan Chase Bank in the name Romulus Group Holdings Ltd.;

(38) Any and all funds in account number 41434673 at Citibank, N.A., in the name of Hassan Nemazee;

(39) Any and all funds in account number 20897708 at Citibank, N.A., in the name of Hassan Nemazee and/or Sheila Nemazee;

(40) Any and all funds in account number 21308397 at Citibank, N.A., in the name of Hassan Nemazee and/or Sheila Nemazee;

(41) Any and all funds in account number 2192675 at Citibank, N.A., in the name of Hassan Nemazee;

(42) Any and all funds in account number 45E507260000 at Citibank, N.A., in the name of Hassan Nemazee;

(43) Any and all funds in account number 2192675 at Citibank, N.A., in the name of Hassan Nemazee;

(44) Any and all funds in account number 165-31532-1-1 at Citibank, N.A., in the name NCC Limited;

(45) Any and all funds or other property on deposit in account number 30604518 at Citigroup Global Markets in the name of Kamyar M. Nemazee;

(46) Any and all funds or other property deposit in account number 15F03289 at Smith Barney in the name of Hassan Nemazee;

(47) Any and all funds in account number 50611 at Bank Julius Baer in the name of Goldsboro Investments;

(48) Any and all funds and other property in account number 50712 at Bank Julius Baer in the name of Hudson River Investments;

(49) Any and all funds and other property in account number 426858 at Bank Julius Baer in

      the name of Hudson River Investments;

(50) Any and all funds and other property in account number 120691 at Bank Julius Baer in the name of Hassan Nemazee;

(51) Any and all funds and other property in account number 418681 at Bank Julius Baer in the name of Houston Venture Inc.;

(52) Any and all funds and other property in account number 047622 at Landsbanki Securities (UK) Limited in the name of NCC Ltd.; and

(53) Any and all funds in account number 80000318601 at First Republic Bank in the name of AMI Partners LLC.

  e. All of the defendant's right, title, and interest in the loan and any resulting proceeds of approximately $5,500,000 to AMI Partners LLC in or about July 2009.

  f. All of the defendant's right, title, and interest in the following personal property:

(1) all proceeds of the sale of a blue 2008 Maserati Quattroporte, vehicle identification number ZAMFE39A080034911, in the approximate amount of $68,500;

(2) a 2002 BMW 330i sedan, vehicle identification

>               number WBAEV534X2KM22834; and
>
>       (3)     a 2007 Cessna Model 680, registration number
>               680-0124, Tail number N622CS, including but
>               not limited to all proceeds of the
>               defendant's re-conveyance of his interest to
>               CitationShares Sales, Inc.

(collectively, the "Subject Property");

WHEREAS, the defendant consents to the forfeiture of all of his right, title, and interest in the Subject Property and to a forfeiture judgment in the amount of $292,241,000 in United States currency, representing all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in the Information;

WHEREAS, pursuant to 21 U.S.C. § 853(g), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rules 32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between the office of Preet Bharara, United States Attorney by and through Assistant United States Attorneys Michael Lockard and Daniel Levy, and Hassan Nemazee, and his attorney, Paul L.

Schechtman, Esq., that:

1. As a result of the offenses in the Information to which the defendant entered a plea of guilty, a forfeiture judgment in the amount of $292,241,000 in United States currency shall be entered against HASSAN NEMAZEE, the defendant, as part of his criminal sentence, for which he is liable.

2. Pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture is final as to the defendant, Hassan Nemazee, and shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3. All of the defendant's right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n). The defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Subject Properties and will not assist anyone else in doing so. The value of the defendant's interest in the Subject Properties forfeited to the United States shall be applied towards partial satisfaction of the forfeiture judgment in the amount of $292,241,000 in United States currency.

4. Upon entry of this Consent Preliminary Order of Forfeiture, the United States Marshals Service (or its designee)

is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control.

        5.    Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

        6.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

        7.    Pursuant to Rule 32.2(b)(6) of the Federal Rules

of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

11. The signature pages of this order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

12.  The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michael Lockard, One St. Andrew's Plaza, New York, New York 10007.

Agreed and consented to:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          3/16/10
    DANIEL LEVY                         DATE
    MICHAEL D. LOCKARD
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-1062/637-2193


HASSAN NEMAZEE

By: _____          3/18/10
    Hassan Nemazee                     DATE

    _____          3/18/10
    Paul Shechtman, Esq.               DATE
    Stillman, Friedman & Shechtman, P.C.
    Counsel for Defendant Hassan Nemazee


SO ORDERED:
_____              March 18, 2010
THE HONORABLE SIDNEY H. STEIN          DATE
UNITED STATES DISTRICT JUDGE