

DIRECT DIAL NUMBER:  
(215) 575-7268

Lawrence G. McMichael  
lmcmichael@dilworthlaw.com

March 12, 2019

The Honorable Judge Sidney H. Stein  
United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

Dear Judge Stein:

      Ordinarily, I would not engage in an exchange of letters with the Government. Because the Government did not put forth any substantive argument in its March 8, 2019 Report to the Court, but instead chose to make those arguments in its March 11, 2019 letter after our response, this letter is the only opportunity Mr. Nemazee has to respond to the Government's arguments. I respectfully ask this Court to consider this letter as a supplement to the response filed yesterday, Sunday, March 10.

**I. The Court Should Order Mr. Nemazee's Release To Home Confinement Immediately Because the BOP Has Had Ample Time to Respond To This Simple Request.**

      Section 3582(c) gives the inmate the right to come to court if BOP does not make a decision within 30 days. At the time of argument on Mr. Nemazee's motion, nearly 60 days had expired since his request was made. This Court generously gave BOP an additional two weeks to make a decision on a very straightforward request. There is nothing complicated about Mr. Nemazee's request. He is an elderly inmate eligible for home confinement. He is no less deserving of home confinement than Mr. Jacobowitz, and there is no reason why Mr. Nemazee could not have been released at the same time. *See* Defendant Hassan Nemazee's Response to the Government's Report Dated March 8, 2019 at 3. BOP should not have more time to make this simple decision.

**II. The Plain Language of § 3582 Allows for Judicial Review of BOP Inaction.**

      This Court correctly noted at oral argument that nothing supports the Government's position that judicial review is limited only to traditional Compassionate Release. Argument Transcript ("Tr."), 10:3 to 10:5. 18 U.S.C. § 3582(c), as modified by the First Step Act, does not mention compassionate release at all. By its plain language, § 3582 provides courts with the power to modify imprisonment after the exhaustion of BOP remedies or the lapse of 30 days of

1500 Market Street • Suite 3500E • Philadelphia, PA 19102-2101 • 215-575-7000 • Fax: 215-575-7200  
www.dilworthlaw.com • Cherry Hill, NJ • Harrisburg, PA • Princeton, NJ • Wilmington, DE • New York, NY

120817374_1

the receipt of a request to the warden of the defendant's facility. The Government is arguing for a limit on the Court's power that simply is not in the text of the statute.

Mr. Nemazee's argument has always been that the power to seek judicial review comes directly from the language of the statute. The Government attempts to obfuscate that point by mischaracterizing Mr. Nemazee's use of legislative history. The legislative history that Mr. Nemazee provided to the Court illustrates that Congressional policy comports with the plain language of the statute. This Court should grant Mr. Nemazee's request because the purpose of § 603 of the First Step Act is to release eligible prisoners. That purpose is apparent from the language of the act and supported by the limited legislative history available.

The Government fears that Mr. Nemazee's motion under the plain language of the statute will open the floodgates, allowing prisoners to contest in court every BOP decision. This "Chicken Little" argument should be rejected. Mr. Nemazee's motion is limited to his request, based on the plain language of the applicable statutes and on the facts applicable to him. BOP could have released Mr. Nemazee just as it did Mr. Jacobowitz and the small number of inmates it considered on an "*ad hoc* basis." Government Letter March 8, 2019. Because BOP inexplicably refuses to make this simple decision itself, the Court should do so. Further bureaucratic delay is unfair and unjust to Mr. Nemazee and exactly what Congress intended to remedy by the amendment to § 3582(c).

### III. Conclusion

Mr. Nemazee followed all of the rules. BOP was unmoved. BOP was "prodded" by this Court. Tr. at 45:22. BOP was unmoved. It is now time for the Court to act and release Mr. Nemazee to home confinement today.

Very truly yours,

/s/ Lawrence G. McMichael

Lawrence G. McMichael

cc: AUSA Michael Dennis Lockard (via email michael.lockard@usdoj.gov)