DIRECT DIAL NUMBER:                                                                                            Lawrence G. McMichael
(215) 575-7268                                                                                                     lmcmichael@dilworthlaw.com

February 7, 2021

**VIA Electronic Filing**

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1010
New York, NY  10007

Re:     **United States v. Hassan Nemazee**, 09 Cr. 902 (SHS)

Dear Judge Stein:

Late in the evening on Friday, February 5, the government filed and served a response to Mr. Nemazee's pending motion to modify the conditions of supervised release, per the Court's request. The government spends much time on Mr. Nemazee's offense (which he admitted and took full responsibility for more than a decade ago) and his sentence and restitution obligation (as to which there is no dispute). On the central issue raised by the motion, the unwarranted animus demonstrated by the current probation officers against Mr. Nemazee and Ms. Eftekhari and why Mr. Nemazee was moved to high intensity supervision, the government says only that it "has not been a party to any of these conversations and is unable to comment on them…" [Gov't Response at 14]. Apparently, and despite having delved into many other aspects of Mr. Nemazee's relationship with probation, the government made no effort to investigate this issue, and just ducks it completely.

The government makes numerous other factual arguments, which are disputed. A few examples are set forth below. This is exactly the situation that warrants a hearing to resolve these issues and make an informed decision about Mr. Nemazee's request for a lower level of supervision and the ability to travel internationally from time to time for his job. The government does not oppose a conference [Gov't Response at 11], and Mr. Nemazee agrees that a conference is a good idea and may lead to an informal resolution of this situation. We respectfully request that the Court schedule such a conference at its earliest convenience.

There are many factual issues raised by both Mr. Nemazee and the government that relate directly to the issues that Mr. Nemazee now has with supervised release. If necessary, these issues can be addressed with sworn testimony at a hearing. A few examples are as follows:

- The government claims that the relationship with Ms. Eftekhari (which it acknowledges is entirely proper [Gov't response at 15]) was not disclosed as early as it should have been. In fact, Ms. Eftekhari met with Officer Joseph before Mr. Nemazee's supervised release began, and fully and accurately explained their relationship. Ms. Joseph said that

there was nothing wrong with the relationship. Presumably, probation has a record of this meeting.

- The government suggests that because Mr. Nemazee is living with Ms. Eftekhari, he ought to be obligated to pay restitution on the value of the living arrangement. It is extremely common for former inmates to live with friends, girlfriends or relatives upon their release. Such living arrangements all have economic value but result in no income from which restitution can be paid. Ms. Eftekhari has done a great service not only by providing Mr. Nemazee with physical and emotional support but also giving him a paying job from which he pays taxes and restitution. Since his supervised release began, Mr. Nemazee has lived continuously with Ms. Eftekhari at an apartment rented by Merilane, a company completely owned and controlled by Ms. Eftekhari. Mr. Nemazee has fully disclosed this living arrangement to probation and, in a few months, will move with Ms. Eftekhari to a coop which she alone purchased. This move has already been disclosed to probation. Mr. Nemazee has no interest in either of these residences. There is nothing the least bit improper about Mr. Nemazee's disclosed living arrangements, nor do they trigger any additional restitution obligations.

- The government points out a trip to St. Barts in August 2020 but fails to mention that this trip was disclosed to and approved by probation. No one goes to St. Barts in August in the middle of hurricane season, when the weather is oppressively hot, for pleasure. Plainly this trip was for business and was for the purpose of looking at investment properties for Merilane.

- The government criticizes the proposed (but denied) trip to Costa Rica to Villa Eram. Had probation looked at the voluminous materials that were shipped to New York for them [Affirmation in support of Motion to Modify Conditions of Supervised Release at ¶¶ 18 - 20], it would have realized that Villa Eram is the development project in Costa Rica that Mr. Nemazee was supposed to be supervising and not a purported vacation destination for him. Ms. Eftekhari, through her companies, has owned the property since 2014.

- The government argues that there has been no consequence to Mr. Nemazee's recent inability to travel internationally. [Gov't Response at 15]. This is not true. Ms. Eftekhari, as Mr. Nemazee's employer, has had to replace him for the work in Costa Rica and has commensurately reduced his compensation by 1/3.

- The government points out the coronavirus risk in Costa Rica, implying that it was safer for Mr. Nemazee to remain in New York, which was experiencing a major spike in infections at the time. In fact, Mr. Nemazee was infected by the coronavirus while in New York. He did not leave Ms. Eftekhari's apartment in January except to go to the bank to get a cashier's check for his monthly restitution payment. The Southern District of New York requires cashier's checks for this purpose; many districts do not. Mr. Nemazee contracted the virus while waiting in line at the bank to get this check. Ms. Eftekhari has not been infected.

This letter is not a point by point rebuttal of the government's response. Instead, it points out how Mr. Nemazee's numerous attempts to prove the legitimacy of his business trips have been met with denials based on nothing but rank speculation and misstated facts. Ms. Eftekhari submits an additional letter in support of Mr. Nemazee, directly contradicting the government and setting forth the version of events from her perspective. Ms. Efterkhari's letter is attached hereto as **Exhibit A**.

Mr. Nemazee has lived by probation's rules, both in letter and in spirit. He has erred on the side of disclosure. He has never been cited with any infraction. All required reports and all restitution payments have been made timely. Mr. Nemazee's issues are serious and should be heard by someone. Apparently probation is not willing to listen. We respectfully request that this Court do so.

                          Respectfully submitted,

                          /s/ *Lawrence G. McMichael*

                          Lawrence G. McMichael

cc: AUSA Michael Dennis Lockard (via ECF michael.lockard@usdoj.gov)